arson [2]). Proof of the arson in the homicide prosecution to show defendant's guilty knowledge does not bar defendant's later prosecution for arson. "The critical inquiry is what conduct the State will prove, not the evidence the State will use to prove that conduct. As we have held, the presentation of specific evidence in one trial does not forever prevent the government from introducing that same evidence in a subsequent proceeding." *Id.*

Defendant's prosecution for arson was not barred by the Double Jeopardy Clause.

Defendant's conviction for arson is affirmed.

All concur.

## ORDER

### PER CURIAM.

Movant appeals from an order denying his Rule 24.035 motion without an evidentiary hearing. The motion court's judgment is based on findings of fact that are not clearly erroneous.

No jurisprudential purpose would be served by a written opinion. However, the parties have been furnished with a memorandum opinion for their information only, setting forth the facts and reasons for this order.

The judgment is affirmed in accordance with Rule 84.16(b).

---

**James HIGGS, Movant/Appellant,**

v.

**STATE of Missouri,
Defendant/Respondent.**

**No. 60097.**

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 28, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 3, 1992.

Application to Transfer Denied
April 21, 1992.

David Bruns, St. Louis, for movant/appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for defendant/respondent.

**Derrick BRIDGETT,
Plaintiff/Respondent,**

v.

**ORKIN EXTERMINATING COMPANY,
INC., Defendant/Appellant.**

**No. 60156.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Feb. 11, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 24, 1992.

Application to Transfer Denied
April 21, 1992.

---

**2.** In *Grady v. Corbin,* 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), defendant's prosecution for homicide and assault was held barred by defendant's earlier prosecution for driving while intoxicated and failing to keep to the right of the median. The state admitted that it expected to prove the homicide and assault resulted from the traffic offenses.